GOODALE REAL ESTATE CORPORATION, Landlord, *v.* SUBRIDGE HOLDING CORPORATION, Tenant.*

Municipal Court of New York Borough of Manhattan, Seventh District, February 13, 1931.

*Boehm & Zeiger [Louis Boehm and Samuel Zeiger],* for the landlord.

*Hollander & Bernheimer [Edgar J. Bernheimer and Harry T. Zucker],* for the tenant.

GENUNG, J. This is a summary proceeding to recover possession of real property, known as 454 Fort Washington avenue, borough of Manhattan, on the ground that the tenant holds over and remains in possession without the consent of the landlord after the expiration of the term in accordance with the terms of the lease. The answer alleges certain denials and separate defenses to the effect that the term of the tenant has not terminated or expired, and that the tenant is not in default and there is no right, warrant or authority for the expiration of the term of the tenant. The petition and precept were served and filed on January 23, 1931, and returnable on January 28, 1931. The tenant appeared and filed an answer on January 28, 1931, and demanded a trial by a jury of twelve men. The notice, referred to in the petition and served on the tenant, was dated January 22, 1931, and recited a default in the payment of rent for the months of December, 1930, and January, 1931, and that default had continued for ten days, and demanded surrender of the premises. The proceedings were set for trial on February 5, 1931, and adjourned to February 6, 1931, on which date an amended supplemental petition was filed and an amended supplemental answer was filed. The amended supplemental petition recited a default in the payment of taxes, and the service of a notice, dated January 22, 1931, terminating the lease on February 1, 1931, and demanding surrender of the

* See, also, 139 Misc. 587.

premises. The amended supplemental answer alleged certain denials and separate defenses to the effect that the tenant has neither made nor suffered any default in the terms of said lease and is not in default and there is no right, warrant or authority for the expiration or termination of the term of the tenant.

At the trial the attorneys agreed to submit the proceedings on an agreed statement of facts and to exchange and file memoranda on the questions of law presented. However, it appears from the face of the pleadings, and the records in the clerk's office, that the summary proceeding was prematurely brought. The notice of termination of the lease was dated January 22, 1931, and called for the termination of the lease and surrender of the premises on February 1, 1931. The service and filing of the petition and precept on January 23, 1931, occurred prior to the date of termination of the lease as stated in the said notice. Any failure or defect in the making of service on the tenant would be waived by the general appearance, filing of an answer, demand for an adjournment and filing of an amended supplemental answer. Certain errors or omissions in the pleadings might be cured by amendment. But the bringing of a summary proceeding, on the ground the tenant holds over and remains in possession without the consent of the landlord after the expiration of the term, *before the date fixed for the termination of the lease*, is a jurisdictional defect, which deprives the court of jurisdiction. The court is constrained, therefore, to dismiss the proceedings, without costs and without prejudice to the commencement of a new proceeding, based on the same defaults alleged in the original and amended supplemental petitions and the same notices, served on the tenant in January, 1931.

Proceedings dismissed, without prejudice and without costs.